UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES SMITH AND KIEASE BECNEL** | **CIVIL ACTION** |
| **VERSUS** | |
| **DEPARTMENT OF SOCIAL SERVICES, OFFICE OF COMMUNITY SERVICES, ET AL** | **NO. 08-589-B-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, April 9, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES SMITH AND KIEASE BECNEL | CIVIL ACTION |
| VERSUS | |
| DEPARTMENT OF SOCIAL SERVICES, OFFICE OF COMMUNITY SERVICES, ET AL | NO. 08-589-B-M2 |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Dismiss for Failure to State a Claim or In the Alternative for More Definite Statement (R. Doc. 13) filed by defendant, Department of Social Services, Office of Community Services ("defendant"). The Court previously issued a Ruling & Order relative to defendant's motion on February 20, 2009 (R. Doc. 18), wherein it was determined that the original complaint of the plaintiffs in this matter, James Smith ("Smith") and Kiease Becnel ("Becnel")(collectively "plaintiffs"), failed to comply with the notice pleading standards set forth in the Federal Rules of Civil Procedure, in that the plaintiffs failed to allege any specific facts underlying their claims of employment discrimination and retaliation so as to put the defendant on notice regarding the claims against it, they failed to allege whether or not they completed the administrative prerequisites necessary prior to filing a Title VII suit, and they failed to allege facts demonstrating that their claims are sufficiently related to be brought together in the same suit.[1]  Rather than dismissing plaintiffs' complaint, however, the undersigned allowed

---

[1] In their original complaint in this matter, plaintiffs alleged that this suit is based upon Title VII of the Civil Rights Act of 1964 and La. R.S. 42:1169.  Smith alleged that he was subjected to discrimination "based on gender of being a male supervisor."  He also alleged that he was subjected to harassment from February 12, 2007 to February 15, 2008.  Becnel asserted that she was subjected to "whistleblower/retaliation," in that she was blocked from promotions, singled out and accused of possibly being a terrorist, "terminated from h[er] position at OCS," and "received negative PPR."  Both plaintiffs sought monetary damages for lost wages and re-instatement of their positions at OCS.  Becnel also sought damages for pain and suffering, slander and medical expenses.

plaintiffs seven (7) days within which to provide a more definite statement of their claims, failing which it would be recommended that their suit be dismissed without prejudice.

In response to that Ruling & Order, plaintiffs timely filed an amended complaint (R. Doc. 19)[2] on February 27, 2009, which sets forth a more definite statement of their claims.[3] In an Order dated March 16, 2009 (R. Doc. 20), the undersigned determined that plaintiffs'

---

[2] Plaintiffs entitled their amended complaint as a "Preliminary Statement."

[3] In the amended complaint, Smith alleges various acts of discrimination and a refusal to train by his supervisor, Peggy Dottery ("Dottery"). He contends that Dottery did not treat him and other female supervisors, including Andrell Coleman, equally; that she sent unprofessional and harassing emails to him and left notes on his door that she did not leave on the doors of his female counterparts; that she made Smith relieve the individuals within his section for their lunches and breaks but did not do so for female supervisors; that, when Smith was out of the office, she violated his privacy by going into his office and listening to his voice mail messages; that she made derogatory statements about his dress attire; that she "caused confusion in the office and then accused Smith of starting the rumors;" that she required him to attend weekly progress meetings that female supervisors were not required to attend; and that she ultimately terminated Smith.

Becnel alleges that, throughout her employment with defendant, she was denied her rights under Louisiana Civil Service Rule 8.18 to apply for positions at the Office of Community Services ("OCS") for which she qualified. She further contends that she witnessed Dottery and Andrell Coleman harass and discriminate against employees of OCS and reported to them that she would file a grievance against them and report their conduct. Becnel asserts that Dottery retaliated against her and denied her promotions for which she was qualified because of such grievance, even though another OCS employee, Quenat Young, was promoted two levels even though she was on probation and did not have the re-employment rights that Becnel had. Becnel also alleges that another of her supervisors who is a named defendant herein, Debra Tanner ("Tanner"), harassed and discriminated against her by releasing her name to State Troopers for questioning as the "prime suspect" following a bomb threat incident at the OCS. She alleges that she was the only employee out of 80 to 100 employees who was escorted out of the building and questioned by State Troopers. She contends that, throughout Tanner's employment at OCS, Tanner also allowed Dottery to harass and discriminate against Smith.

Finally, Becnel contends that, when she received word on February 13, 2008, that Smith was terminated, she sent a letter on Smith's behalf to Brent Villemarette ("Villemarette"), the Director of Division Field Services, with whom Smith was to meet on February 14, 2008. Becnel alleges that the letter was prepared in an effort at helping Smith "save his job," and she contends that she was "singled out and humiliated" during the bomb threat incident in retaliation for writing the letter on Smith's behalf and because she threatened to go to Civil Service regarding the conduct of Tanner and Dottery. Becnel alleges that, as a result of the unconstitutional acts committed by Dottery, Tanner and their superiors, she became very ill and was not able to attend work; however, defendant Villemarette sent her letters threatening to terminate her position as an Administrative Assistant II if she did not return to work on dates specified in the letters, rather than at a time when Becnel's doctor "felt was safe for her to return." Villemarette later terminated Becnel. Smith and Becnel contend that the conduct of their supervisors at OCS is in violation of Title VII; the Freedom from Reprisal for Disclosure of Acts, La. R.S. 42:1169; and their rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution. They seek compensatory and punitive damages as well as attorney's fees and costs pursuant to 42 U.S.C. §1988.

amended complaint cured the primary deficiencies in their original complaint because it specifically identifies the supervisors that allegedly discriminated/retaliated against the plaintiffs, sets forth the underlying facts concerning the instances of discrimination/retaliation and the facts surrounding the plaintiffs' terminations, and indicates how the plaintiffs' claims are related.  The undersigned found that the amended complaint provides the defendant with "fair notice of what the plaintiffs' claims are and the grounds upon which they rest," as is required by Fed. R. Civ. P. 8(a)(2).[4]  Additionally, with the amended complaint, Becnel submitted a copy of her "Dismissal and Notice of Rights" letter issued by the EEOC, demonstrating that she fulfilled the administrative prerequisites necessary prior to filing this Title VII suit.[5]  Smith, however, did not submit a copy of a "Dismissal and Notice of Rights" letter from the EEOC nor did he allege in the amended complaint that he completed the administrative prerequisites to suit by timely filing a charge with the EEOC and receiving a statutory notice of the right to sue.

Although Smith failed to fully comply with the undersigned's February 20, 2009

---

[4] As discussed in the Court's February 20, 2009 Ruling & Order, under the ordinary rules of notice pleading, specifically, Fed. R. Civ. P. 8(a)(2), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," and such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, at 512, quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. *Id.*  Given the Federal Rules' simplified standard of pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*, at 514, quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).  If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move to dismiss the case or for a more definite statement under Rule 12(e). *Id.*

[5] An employment discrimination plaintiff must exhaust administrative remedies before pursuing a claim in federal court, and exhaustion occurs when the plaintiff timely files a charge with the EEOC and receives a statutory notice of the right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002).  Specifically, 42 U.S.C. §2000e-5(f)(1) provides that a civil action must be commenced "within ninety days" after the charging party has received a "right to sue" letter from the EEOC or state or local agency.  42 U.S.C. §2000e-5(f)(1).  Thus, receipt of the "right to sue" letter is a condition precedent to filing a Title VII claim in federal court. *Stewart v. May Dept. Stores*, 294 F.Supp.2d 841 (M.D.La. 2003).

Order since he did not allege that he exhausted his administrative remedies prior to filing suit, because of his *pro se* status, the undersigned allowed him five (5) additional days within which to submit a copy of his "Dismissal and Notice of Rights" letter and/or to amend the complaint to incorporate an allegation indicating that he completed the administrative prerequisites to suit, failing which it would be recommended that his claims be dismissed. *See*, Order dated March 16, 2009 (R. Doc. 20).  Within five (5) days of that Order, on March 20, 2009, Smith submitted a copy of his "Charge of Discrimination" that was filed with the EEOC concerning the facts alleged in this suit as well as a copy of the "Dismissal and Notice of Rights" letter issued by the EEOC relative to his claims.  Accordingly, because plaintiffs have complied with the Court's February 20, 2009 and March 16, 2009 Orders, the defendant's Motion to Dismiss for Failure to State a Claim should be denied.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Dismiss for Failure to State a Claim or In the Alternative for More Definite Statement (R. Doc. 13) filed by defendant, Department of Social Services, Office of Community Services, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, April 9, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**